IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NURSA, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>OPTIMA CARE SECAUCUS, LLC dba OPTIMA CARE FOUNTAINS, a New Jersey limited liability company and DOES 1-X,<br><br>Defendants. | **MEMORANDUM AND DECISION GRANTING [30] PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PROVIDE WRITTEN DISCOVERY RESPONSES AND PRODUCE DOCUMENTS**<br><br>Case No: 2:24-cv-00836-TS-CMR<br><br>Judge Ted Stewart<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 9). Before the court is Plaintiff, Nursa, Inc.'s (Plaintiff or Nursa) Motion to Compel Defendant to Provide Written Discovery Responses and Produce Documents (Motion) (ECF 30). Defendant Optima Care Secaucus, LLC (Defendant or Optima) did not object or otherwise respond to Plaintiff's Motion and the time to do so has passed. The court finds that oral argument is not necessary and decides this matter on the written memoranda. See DUCivR 7-1(g). For the reasons set forth below, the court, having carefully considered the parties' relevant filings and case law, enters the following Memorandum Decision and Order.

## I.  BACKGROUND

This case concerns alleged unpaid invoices and fees that Optima allegedly owes to Nursa (*see* ECF 1). The current Motion arises from Nursa's claim that Optima has refused to participate in discovery and has been causing ongoing delays in the discovery process (ECF 30).

On August 19, 2025, Nursa served written discovery requests including, Interrogatories, Requests for Production, and Requests for Admission (ECF 30-1). Two days before responses were due, Optima requested a two-week extension, which Nursa granted (*id*. at 2). Optima sought and was granted an additional extension six days later (*id*.). Despite the two earlier extensions, Optima requested and was granted a further twenty-five-day extension, extending their response deadline to October 27, 2025 (*id*.). The parties also agreed that Optima's Rule 30(b)(6) deposition would occur sometime before November 19, 2025, and that the fact discovery cutoff would remain December 19, 2025 (*id*.).

On the day of Optima's response deadline, Optima served partial discovery responses, specifically only responses to Nursa's Request for Admissions (*id*., *see also* ECF 30-2). Optima has yet to serve any responses to Nursa's Interrogatories or Requests for Production (*id*.). As of the date of this filing, Optima's discovery responses are now 38 days past due.

Additionally, Optima has failed to participate in a Rule 30(b)(6) deposition despite multiple attempts by Nursa to set on (*id*.).  On November 4, 2025, Nursa attempted to set a meet-and-confer which Optima cancelled (*id*. at 3). After the third-party deposition, the parties conferred on November 11. 2025, during which Optima agreed to provide discovery responses (*id*.). On November 14, 2025, Optima advised Nursa that it would not attend the Rule 30(b)(6) deposition scheduled for November 17, 2025, but represented that it would provide discovery responses by the end of the day (*id*.). As indicated above, no responses have been served (*id*.).

Accordingly, Nursa requests a court order compelling Optima to respond to the discovery requests, to participate in a 30(b)(6) deposition, and an order granting fees associated with bringing this Motion (*id*.).

## II.     DISCUSSION

Federal Rule of Civil Procedure 37(a)(3)(B) authorizes a party to move for an order compelling discovery when a party fails to answer interrogatories or produce documents. Here, despite receiving multiple extensions and promising to provide responses, Optima has failed to respond to Nursa's Interrogatories and Requests for Production. The Court therefore finds good cause to compel Optima to respond to Nursa's discovery requests.

Furthermore, Rule 37(a)(5)(A) states that if the motion to compel is granted or if the requested discovery is provided only after the motion is filed, "the court must, after giving an opportunity to be heard, require the party [] whose conduct necessitated the motion [] to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Rule 37(a)(5)(A) also lists three specific exceptions to this rule: (i) failure to meet and confer, (ii) substantial justification, or (iii) circumstances making an award unjust.

The record indicates that Optima was given a chance to be heard and defend its actions, but it did not file an objection or respond to Nursa's Motion. Additionally, the record shows that none of the Rule 37(a) exceptions apply. First, Nursa made repeated good-faith efforts to obtain discovery without court intervention, including multiple meet-and-confer attempts and extensions. Second, Optima's ongoing noncompliance, failure to produce the promised discovery, refusal to participate in the Rule 30(b)(6) deposition, and lack of response to the Plaintiff's Motion demonstrate conduct that was not substantially justified. Third, the record reveals no circumstances that would make an award of expenses unjust. Therefore, the court finds that awarding Nursa's reasonable costs and attorney's fees for this Motion is justified under Rule 37(a)(5)(A).

### III. CONCLUSION

For these reasons stated above, the court **GRANTS** Nursa's Motion (ECF 30), and **HEREBY ORDERS** as follows:

(1) Within five (5) days of this Order, Optima shall serve complete responses to all Interrogatories and Requests for Production served by Nursa on August 19, 2025.

(2) Pursuant to Rule 37(a)(5)(A), Optima shall pay Nursa's reasonable expenses and attorney's fees incurred in bringing this Motion. Nursa shall, within seven (7) days of this Order, file a motion supported by affidavit detailing the reasonable fees and costs incurred. Defendants may file a response within seven (7) days thereafter.

(3) Within (5) days of this Order, Optima shall provide three (3) dates and times at which it is available for its Rule 30(b)(6) deposition. Optima's three available dates must be before the fact discovery deadline of December 19, 2025.

(4) The December 19, 2025, fact discovery deadline shall remain in effect.

IT IS SO ORDERED.

DATED this 8 December 2025.

_Cecilia M. Romero_
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah