# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NURSA, INC., a Utah corporation,<br><br>        Plaintiff,<br><br>v.<br><br>OPTIMA CARE SECAUCUS, LLC dba OPTIMA CARE FOUNTAINS, a New Jersey limited liability company and DOES 1-X,<br><br>        Defendants. | **MEMORANDUM AND DECISION AND ORDER RE DEFENDANTS' DISCOVERY AND RELATED MOTIONS: [39], [43], [44], [52], [68]**<br><br>Case No: 2:24-cv-00836-TS-CMR<br><br>District Judge Ted Stewart<br><br>Chief Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 9). Before the court are five pending motions filed by Defendant Optima Care Secaucus, LLC (Defendant or Optima) (collectively Motions): Motion to Stay re Plaintiff's Summary Judgment Motion (Rule 56(d) Motion) (ECF 39); Motion for Leave to File Third Party Complaint (ECF 43); Motion for Amended Scheduling Order (ECF 44); Motion to Withdraw as Counsel  (Motion to Withdraw) (ECF 52); and Motion to Stay While Parties' Pending Motions are Under Advisement (Motion to Stay) (ECF 68). In addition to considering the motions, the court considered the following responsive briefings: Plaintiff, Nursa, Inc.'s (Plaintiff or Nursa) response to each motion (ECF 46, 47, 48, 57, 69); and Defendant's single Reply (ECF 70) to its Motion to Stay. Lastly, the court considered the Supplemental Authority (ECF 67) submitted by Defendant in support of its Motion to Withdraw as Counsel. On January 21, 2026, the court held a hearing regarding the above-mentioned motions, except for ECF 68, the Motion to Stay While Parties' Pending Motions are Under Advisement. (*see* ECF 65). After hearing arguments, the court took under advisement Optima's Rule 56(d) Motion, Motion for Leave to File Third Party Complaint, Motion for

Amended Scheduling Order, and Motion to Withdraw (*id.*). For the reasons set forth below, the court, having carefully considered the parties' relevant filings, arguments, and case law, enters the following Memorandum Decision and Order.

## I.     BACKGROUND

On November 7, 2024, Nursa filed its Complaint against Optima for "collection of unpaid invoices and fees" related to Nursa's app that Optima is alleged to use to connect with potential workers (ECF 1 at 23). The current Motions primarily arise from issues regarding Optima's treatment of discovery in this matter.

On March 4, 2025, the court issued the First Scheduling Order (ECF 20), which set November 17, 2025, as the deadline for fact discovery to close (*id.* at 6). On October 27, 2025, Nursa filed its Motion for Summary Judgment (ECF 23). On November 3, 2025, the court entered the Corrected Amended Scheduling Order (ECF 28), which extended the fact discovery deadline to December 19, 2025 (*id.* at 6). On December 6, 2025, Optima filed its Rule 56(d) Motion asserting that it had insufficient time to conduct discovery, which was essential to its opposition to the motion for summary judgment (ECF 39 at 1–2). On December 20, 2025, Optima filed its Motion for Amended Scheduling Order to extend the fact discovery deadline (ECF 44 at 2). On this same day, Optima filed its Motion to File Third Party Complaint, seeking leave to file a third-party complaint against Health Care Staffing & Consultants, LLC (HSC) (ECF 43 at 2). On January 9, 2026, Optima's counsel filed the Motion to Withdraw (ECF 52).

On February 18, 2026, Optima filed its Motion to Stay, seeking a stay of all deadlines pending the resolution of the motions under advisement (ECF 68).

## II.   DISCUSSION

### A.  Motion to Stay (ECF 68)

As an initial matter, because this Memorandum and Decision resolves all of Optima's pending motions under advisement, Optima's Motion for Stay (ECF 68) is DENIED AS MOOT.

### B.  Rule 56(d) Motion (ECF 39)

Federal Rules of Civil Procedure 56(d) indicates that a court may provide relief to the non-moving party in a summary judgment motion who "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to the motion. Fed. R. Civ. P. 56(d). In the Tenth Circuit, Rule 56(d) "'does not operate automatically'; rather, 'its protections ... can be applied only if a party satisfies certain requirements.'" *Wilcox v. Career Step, LLC*, No. 2:08-CV-0998, 2012 WL 5997201, at \*2 (D. Utah Nov. 30, 2012) (quoting *Valley Forge Ins. Co. v. Health Care Mgmt. Ptnrs., LTD,* 616 F.3d 1086, 1096 (10th Cir. 2010). "Specifically, the party must provide an affidavit or declaration that identifies the following information: (1) 'the probable facts not available,' (2) why those facts cannot be presented currently, (3) 'what steps have been taken to obtain these facts,' and (4) 'how additional time will enable [the party] to' obtain those facts and rebut the motion for summary judgment." *Wilcox,* 2012 WL 5997201, at \*2 (quoting *Comm. for the First Amendment v. Campbell,* 962 F.2d 1517, 1522 (10th Cir. 1992)). "The purpose of the affidavit is to ensure that the nonmoving party is invoking the protections of Rule 56(d) in good faith and to afford the trial court the showing necessary to assess the merit of a party's opposition." *Id*. (quoting *First Chicago Int'l. v. United Exch. Co. Ltd.,* 836 F.2d at 1380). "Unless dilatory or lacking in merit, the motion should be liberally treated." *Comm. for the First Amendment,* 962 F.2d at 1522 (upholding district court's denial of Rule 56(f) motion).

Optima asserts that it requires additional time to: (1) depose fact witnesses (Bill Durken and Alex Galvez)[1], (2) depose Nursa's 30(b)(6) corporate representative, and (3) add HSC as a party because they are allegedly necessary and indispensable (*see* Rule 56(d) Motion at 2). In support of its Rule 56(d) Motion, Optima submitted the Declaration of its counsel, Debra Griffiths Handley (ECF 63-1 or Handley Declaration). The Handley Declaration indicates that a 30(b)(6) deposition of Nursa is necessary because Optima expects to:

> [L]earn more about how Nursa sets hourly wages, what training is provided to salespeople who interact with facility staff, how salespeople are trained to address authority to contract with those using the App, how Nursa markets itself, how much detail the salespeople use in describing the Terms of Service, how Nursa's salespeople are introduced to facilities, whether Nursa had an ongoing relationship with Fountains' predecessor-in-interest before it met with Fountains' staff, etc.

(Handley Dec. at 5). During the hearing, Optima clarified that it believes the Optima representative who entered into the agreement with Nursa to use Nursa's App was not authorized to enter into such an agreement. Accordingly, a 30(b)(6) deposition of Nursa is required to inquire into Nursa's training of its sales representatives and the manner/methods used by Nursa's sales representatives to enter into contracts.

1. <u>The Rule 56(d) Motion is dilatory.</u>

The first Scheduling Order in this matter was entered on March 4, 2025, and in it, Optima indicates that it needed to conduct discovery into Nursa's "day to day procedures, policies, and operations" (ECF 20 at 5). Furthermore, the March 2025 Scheduling Order also notes Optima's knowledge of HSC (*id*. at 3), and Optima even alleges that HSC may be an indispensable party (*id*. ("If Plaintiff contracted, consulted, assisted or engaged with Defendant's third-party staffing contractor Healthcare Staffing & Consultants, LLC ("HSC"), Plaintiff's claims should be barred

---

[1] During the hearing held on January 21, 2026, it was brought to the court's attention that Bill Durken and Alex Galvez had since been deposed, so this reason for additional time is moot.

for its failure to name *HSC as an indispensable party*" (emphasis added))). Likewise, Plaintiff's April 21, 2025, initial disclosures (ECF 62-1), as well as Defendant's May 21, 2025, initial disclosures (ECF 61), identify that it is necessary to conduct all of the discovery Defendant seeks in the present 56(d) Motion.

Therefore, as early as March 2025, Optima knew it needed to conduct discovery into Nursa's procedures, policies, and operations, as well as the possibility that HSC was an indispensable party. Notwithstanding, Defendant did not engage in any discovery until 7 months later, or October 17, 2025. Also of importance is the fact that Optima's 56(d) Motion was not filed until December 22, 2025—eight months after the March 2025 Scheduling Order, and nearly two months after the Motion for Summary Judgment was filed.[2]

Moreover, the Handley Declaration indicates that December 5, 2025, was the date Optima first informed Nursa of its desire to conduct a 30(b)(6) deposition (Handley Dec. at 5), and the deadline for fact discovery to close was December 19, 2025 (ECF 28 at 11). The issue is that although Optima indicated an interest in conducting a 30(b)(6) deposition, it was not possible to conduct a 30(b)(6) deposition in compliance with DUCivR 30-2 without first amending the scheduling order. Under DUCivR 30-2, a 30(b)(6) notice "must be served at least 28 days before the scheduled deposition and at least 45 days before the discovery cutoff date." DUCivR 30-2(a)(1). During the hearing, Optima could not provide *any valid reasons* for why it waited until two weeks before the close of fact discovery to inform Nursa of its desire to conduct a 30(b)(6) deposition. Optima generally discussed the frustration it has had regarding communications with its client, but there is no valid explanation for why action was not taken sooner regarding HSC.

---

[2] The court notes the deadline to respond to the Motion for Summary Judgment, by stipulation, was December 5, 2025 (ECF 38). No response was filed on that deadline, rather the present Motion was filed on December 6, 2025, incorrectly filed as a motion to stay (ECF 39).

Given that Optima has known about HSC, the need to collect the alleged relevant discovery, and its failure to engage in discovery in a timely manner, the court finds that its Rule 56(d) Motion is dilatory.

2.  The Rule 56(d) Motion lacks merit.

The 56(d) Motion also lacks merit based on the deficient affidavit supporting the Motion. As indicated above, a Rule 56(d) Motion must be supported by an affidavit or declaration that identifies "'how additional time will enable [the party] to' obtain those facts and rebut the motion for summary judgment." *Wilcox,* 2012 WL 5997201, at *2 (quoting *Comm. for the First Amendment v. Campbell,* 962 F.2d 1517, 1522 (10th Cir. 1992)). Neither the Handley Declaration nor the arguments raised during the hearing explain how the facts will allow Optima to rebut the motion for summary judgment.

The Handley Declaration indicates that a 30(b)(6) deposition of Nursa is necessary because Optima expects to:

> [L]earn more about how Nursa sets hourly wages, what training is provided to salespeople who interact with facility staff, how salespeople are trained to address authority to contract with those using the App, how Nursa markets itself, how much detail the salespeople use in describing the Terms of Service, how Nursa's salespeople are introduced to facilities, whether Nursa had an ongoing relationship with Fountains' predecessor-in-interest before it met with Fountains' staff, etc.

(Handley Dec. at 5). As discussed during the hearing, these facts are general background information, and it remains unclear how they will assist in addressing the pending motion for summary judgment. When asked about this during the hearing, Optima's counsel could not provide the court with a sufficient response to show that these additional facts were necessary to *rebut* the motion for summary judgment. Rather, Optima provided general responses indicating that the facts *might* raise a factual issue regarding the validity of the contract between Optima and Nursa. However, if Optima believes that its employee did not have authority to enter into an agreement

6

with Nursa, a 30(b)(6) deposition is not necessary to create such an issue of fact, as Optima can get that information from its own witnesses.

Therefore, for the above reasons, the court DENIES the Rule 56(d) Motion, and ORDERS that Optima's deadline to file a response to Nursa's Motion for Summary Judgment is May 15, 2026 (fourteen (14) days from the date of this Order). Nursa's deadline to file a reply in support of its Motion for Summary Judgment is seven (7) days after service of Optima's response.

### C. Motion to Amend Scheduling Order (ECF 44)

Optima filed its Motion to Amend on December 19, 2025, the deadline for the close of fact discovery (ECF 44 and 28). Therefore, under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). The Tenth Circuit has explained that good cause "comes into play in situations in which there is no fault—excusable or otherwise," such as by a cause outside the movant's control and where a deadline cannot be met despite the movant's diligent efforts. *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700–01 (10th Cir. 2017); *Zemaitiene v. Salt Lake Cnty.*, Case No. 2:17-cv-00007-DAK-JCB, 2021 WL 914063 at *3 (D. Utah March 10, 2021). "In exercising its discretion, the court considers the relative diligence of the party seeking the change, whether the need for more time was foreseeable or the fault of the moving party, whether refusing the continuance creates a 'substantial risk of unfairness' to the party seeking modification, and whether the party opposing modification might be prejudiced." *Keate v. Wright*, No. 2:23-CV-00305, 2024 WL 4279036, at *2 (D. Utah Sept. 24, 2024).

The court agrees with Nursa that Optima's Scheduling Motion is inadequately briefed. "An argument is inadequately briefed where … it is presented only in a perfunctory manner." *Summit Mountain Holding Grp., LLC v. Summit Vill. Dev. Lender 1, LLC*, No. 1:21-CV-00110-DBB-JCB, 2024 WL 3358698, at *3 (D. Utah July 8, 2024). This requires a party to cite the rule allowing it to have the relief it seeks and provide "meaningful analysis" of any standards applicable thereto. *Id.* Optima has not cited the rule, nor has it substantively engaged with the "good cause" standard described or the applicable factors the court must consider in granting the request. This is an inadequate briefing.

Even disregarding the inadequate briefing, the court finds that Optima has failed to demonstrate good cause. Optima filed its Motion to Amend Scheduling Order the same day it filed its Motion to File Third Party Complaint (ECF 43). Optima asserts two reasons for seeking to Amend the Scheduling Order. First, because the deadline to add parties has passed, Amending the Scheduling Order is necessary to support its Motion to File Third Party Complaint against HSC (*see* ECF 44 at 2). Second, amendment would allow Optima to "complete fact discovery that it believes essential to assist in its defense" (*id*.).

Regarding the addition of HSC as a party, Optima claims that it paid HSC the money owed to Nursa, and that the money paid to HSC should have been used to pay Nursa (*id*. at 2 ("[Optima] requests HSC to be joined as a party because monies it paid to HSC should have been used by HSC to pay [Nursa] the amounts it seeks in this suit.")). For the court to find good cause, Optima must show it has been diligent in meeting the deadlines, which means it must provide an adequate explanation for its delays in adding HSC as a party. *See Minter*, F.3d at 1205 n.4. Without adequate explanation, the court cannot tell if Optima is simply using the addition of HSC as a method to remedy its past discovery delays. As previously discussed, the record indicates that since the

inception of this case, Optima has known of HSC and the possibility of joining them as a party. Now Optima is asserting that it "unequivocally believes that HSC is contractually liable" (ECF 44 at 2), but Optima has not claimed that its knowledge of HSC's liability was recently obtained or was not obtainable earlier. Rather, the record supports the opposite, that Optima has known of HSC's liability and, for reasons unknown to the court, waited until the deadline for fact discovery to begin the process of adding HSC as a party to this matter. Therefore, the court finds that Optima has been unable to provide an adequate explanation for its delays in adding HSC as a party.

Regarding Optima's need to conduct necessary discovery, as discussed in the 56(d) Motion, the March 2025 Scheduling Order clearly indicates that Optima knew that it needed discovery of Nursa's "communications internally and externally, invoices, billing statements, days do day procedures, policies and operations" (ECF 20). That same information was then repeated in the Corrected Amended Scheduling Order (ECF 28). Despite Optima's knowledge of the discovery it required, Optima conducted no discovery during the 227 days between March 4, 2025, when the discovery period began with the court entering the Scheduling Order, and October 17, 2025, when Optima issued its first set of discovery requests.

Optima also points to what it alleges are Nursa's inadequate failures to engage in discovery (*see* ECF 44 at 2). The court, however, does not find that Nursa inadequately engaged in discovery. Accordingly, the court does not find that Nursa's behavior during discovery somehow justifies or offsets Optima's lack of diligence.

Furthermore, the discovery was foreseeable, and Optima does not address what unfairness it may suffer in its Motion. The court can assume, not completing discovery, however, and a lack of 30(b)(6) deposition may cause some unfairness to Optima. Even with that unfairness, however, that is not outweighed here by the lack of diligence. The unfairness stems from Optima's failure

9

to engage in discovery despite clear knowledge of its need to do so. Moreover, under the facts here, there is some prejudice to Nursa in that Nursa has worked to move this matter forward, met court deadlines, responded to Optima's discovery, and argues it is fair to rely on and meet court-ordered deadlines (*see* ECF 48 at 8). The court also agrees with Nursa that granting the present motion would "reward Optima's reluctant participation" (*id*.). For the reasons set forth above, the court DENIES the Motion to Amend Scheduling Order (ECF 44).

### D.  Motion to File Third-Party Complaint (ECF 43)

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." If the party "files the third-party complaint more than 14 days after serving its original answer," the "third-party plaintiff must, by motion, obtain the court's leave." The Tenth Circuit has held that "Rule 14(a) should be liberally construed to accomplish its purpose but it is not a catchall for independent litigation." *Ins. Co. of W. v. Eagle Mountain Invs., LLC*, No. 2:11-CV-00976-DN, 2013 WL 3873223, at \*1 (D. Utah July 25, 2013). Some of the relevant factors for a court to consider when exercising this discretion include:

> (1) the benefits of a single action versus prejudice to the other party and confusion, (2) the timeliness of the request and prejudice to the plaintiff in delay, (3) whether the main case would unnecessarily expand in scope, (4) whether impleading new parties would unduly delay or complicate the trial, and (5) whether the third-party plaintiff's motion states sufficient grounds for the court to evaluate the propriety of third-party complaints.

*Sun Prods. Corp. v. Lock & Load Indus. LLC*, No. 2:11-CV-316-CW-PMW, 2012 WL 293397, at \*3 (D. Utah Jan. 31, 2012).

As discussed, Optima seeks to leave to file a Third-Party Complaint against HSC, a party Optima believes is contractually liable for the damages Nursa seeks in this action. Optima alleges it entered into a "Nursing Services and Consultant Agreement" with HSC (Consulting Agreement)

10

(ECF 43 at 2). HSC was to provide nursing staff, and Optima was to pay HSC over $6 million for this service (*id*. at 3). Sometime in 2023, Optima began using Nursa's App "to fill the gaps in the facility's staffing" and would forward Nursa's invoices to HSC for payment (*id*.). HSC did not pay Nursa despite being directed to do so (*id*.). At the hearing, Optima confirmed that it seeks to add HSC to offset any potential damage liability as a responsible party.

While there are benefits to having Optima and HSC in this single action, those benefits do not outweigh the prejudice to Nursa and would cause confusion. As Nursa argued during the hearing, adding HSC would require heavy litigation into the scope of the Consulting Agreement and would require additional discovery. This would prejudice Nursa, who has been proactively engaging in discovery and meeting its deadlines, and has already filed a motion for summary judgment against Optima. Furthermore, the addition of HSC would cause confusion as it would introduce the applicability of a new law, given that the Consulting Agreement provides that the writing "shall be construed and be governed in accordance with the laws of the State of New Jersey" (ECF 61-1 at 7).

These reasons also apply to the third and fourth enumerated factors. Regarding the third factor, the addition of a new party, a new contract, and a new law would unnecessarily expand the scope of the main case. Here, the main case is Nursa seeking a judgment against Optima, the only party with which it entered into a contractual agreement. Judgment against Optima is independent of any claims Optima might have against HSC. Thus, adding HSC at this stage of litigation would unnecessarily expand the scope of the main case. For these same reasons, factor four weighs in favor of Nursa as the addition of HSC would unduly delay trial.

Regarding timeliness, the court has already addressed this concern when denying Optima's Motion to Amend the Scheduling order (*see supra* at 9). In short, Optima identified HSC in the

original scheduling order and even identified the Consulting Agreement in its initial disclosures. The record indicates that Optima has known about HSC since the inception of this case, yet Optima has provided no justifications for waiting until the end of fact discovery to add HSC to this matter.

Therefore, based on the reasons outlined, the court finds that the benefits of adding HSC as a party now are outweighed by the potential prejudice to Nursa, as well as issues of timeliness, confusion, and delay that could arise from adding HSC. For these reasons, the Court DENIES this Motion to file a Third Party Complaint (ECF 43).

### E.  Motion to Withdraw (ECF 52)

DUCivR 83-1.4 governs withdrawal of counsel in this court. The rule provides that "an attorney may not withdraw in a pending action without leave of the court." DUCivR 83-1.4(b)(2). The rule further provides that the attorney seeking to withdraw must file a motion that includes seven enumerated items. *Id*. 83-1.4(b)(2)(A)–(G).

Additionally, the Utah Rules of Professional Conduct provide that a lawyer may withdraw from representing a client if:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client; (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent; (3) the client has used the lawyer's services to perpetrate a crime or fraud; (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement; (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (7) other good cause for withdrawal exists.

UT R RPC Rule 1.16(b). "Unless the relationship is terminated as provided in Rule 1.16, a lawyer should carry through to conclusion all matters undertaken for a client." *Id* at r. 1.3(4).

Here, Optima's Motion to Withdraw is procedurally improper as it does not comply with DUCivR 83-1.4. Specifically, it does not fully provide Optima's last known contact information, as it only provides Optima's principal place of business. To comply with the rules, the Motion to Withdraw must provide Optima's current mailing address and telephone number, or an explanation as to why this information is not available. *Id*. 83-1.4(2)(B). Next, the Motion does not include a complete statement of the "status of the case, including any pending motions, the dates and times of any scheduled hearings, and requirements under any existing court orders or rules[.]" *Id*. 83-1.4(2)(D). These procedural deficiencies are sufficient to deny the Motion. *See Rusk v. Fid. Brokerage Services, LLC*, No. 2:15-CV-00853-JNP, 2019 WL 13299564 (D. Utah Feb. 13, 2019).

In addition to these procedural deficiencies, the court does not find that withdrawal is warranted at this time. Counsel for Optima asserts that there is good cause to grant withdrawal because Optima has been unable to meet its obligations to counsel by not "cooperating and assisting [counsel] to timely respond to discovery and produce requested documents" (ECF 52 at 2). Optima's counsel further states that because Optima is located in New Jersey, counsel has been unable to visit Optima's facility to "work with and educate its staff and coordinate its responses to plaintiff's discovery requests," which has made the attorney/client relationship "unreasonably difficult" (*id*. at 3).

Based on the reasons stated in the Motion, the court could not determine that withdrawal was warranted. During the hearing, the court asked Optima's counsel to supplement the Motion with authority relating to circumstances when good cause exists to grant withdrawal. Optima filed its supplement on January 28, 2026 (ECF 67). One of the cases included in the Supplement was "*Taylor v. Nat'l Collegiate Student Loan Trust,* No. 2007-1, Case 2:19-cv-00120-BSJ, 2020 U.S. Dist. LEXIS 253253, U.S. Dist. / Utah, June 29, 2020" (ECF 67 at 2). In *Taylor*, Judge Bruce S.

Jenkins entered a memorandum opinion and order denying a motion to withdraw (Memorandum Opinion and Order Denying Mr. Ady's Motion to Withdraw as Plaintiff's Counsel, Taylor, 2:19-cv-00120-BSJ, ECF 122)). In that Order, Judge Jenkins gave the following guidance regarding motions to withdraw:

> Aside from this Court's local rules and Utah's Rules of Professional Conduct, the Tenth Circuit has not yet set forth any factors a court should consider when analyzing a motion to withdraw as counsel. However, federal courts have largely relied on a set of common factors: 1) undue delay; 2) prejudice to any party; 3) financial burden on counsel; 4) the state of the attorney-client relationship; and 5) general interests of justice.

*Taylor*, 2:19-cv-00120-BSJ, ECF 122 at 5 (citing *Byrd v. D.C.,* 271 F. Supp. 2d 174, 177–78 (D.D.C. 2003); *Barton v. D.* C., 209 F.R.D. 274, 276–78 (D.D.C. 2002))). Judge Jenkins determined that withdrawal would cause undue prejudice to both the Defendants and Plaintiffs. In part, Judge Jenkins determined that because there was a pending motion for sanctions, permitting counsel to withdraw prior to resolution could leave the impression that the court was allowing counsel "to walk away from his duties and responsibilities as a counselor." *Taylor*, 2:19-cv-00120-BSJ, ECF 122 at 5–6. Judge Jenkins further found that withdrawal was unwarranted because it would unnecessarily delay litigation, given that the discovery cut-off day had already passed, and the parties were briefing cross-motions for summary judgment. *Id*. at 7. As this court decided in Taylor, withdrawal here would also result in undue prejudice and delay.

Regarding undue prejudice and delay, Nursa's Motion for Summary Judgment has been pending since October 27, 2025, and the current counsel for Optima is best suited to address it. Further, allowing withdrawal now would prejudice Nursa by further delaying disposition of its Motion for Summary Judgment, as Optima would need time to retain new counsel, and new counsel would need time to become familiar with this matter before addressing Nursa's Motion for Summary Judgment. Accordingly, the court denies the Motion to Withdraw without prejudice.

14

If counsel intends to refile a new motion, it must comply with all requirements of DUCivR 83-1.4(b)(2) and should address the five enumerated factors above.

### III.   CONCLUSION

For these reasons stated above, the court **HEREBY ORDERS** as follows:

(1) Optima's Motion to Stay re Nursa's Summary Judgment Motion (ECF 39) is DENIED, and the court ORDERS as follows:

    a. Optima's deadline to file a response to Nursa's Motion for Summary Judgment is May 15, 2026 (fourteen (14) days from the date of this Order)

    b. Nursa's deadline to file a reply in support of its Motion for Summary Judgment is seven (7) days after service of Optima's response

(2) Optima's Motion for Leave to File Third Party Complaint (ECF 43) is DENIED;

(3) Optima's Motion for Amended Scheduling Order (ECF 44) is DENIED;

(4) Optima's Motion to Withdraw as Counsel (ECF 52) is DENIED WITHOUT PREJUDICE; and

(5) Optima's Motion to Stay While Parties' Pending Motions are Under Advisement (ECF 68) is DENIED as MOOT.

IT IS SO ORDERED.

DATED this 1 May 2026.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah